546

PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FLOR BER-
MÚDEZ, Defendant and Appellant.

No. 2796. Argued June 11, 1926.—Decided June 18, 1926.

*Felipe Colón Díaz* for the appellant. *José E. Figueras, Fiscal,* for
the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The defendant was charged with having violated the Act
of March 10, 1910, providing a punishment for adulterating
milk in that on November 22, 1925, at Juana Díaz, he unlaw-
fully sold, kept for sale and offered for sale adulterated milk.
The defendant was found guilty and sentenced to pay a fine
of $25 or, in default of its payment, to be confined one day
in jail for each dollar not paid.

The defendant had on that date a restaurant in which he
served coffee with milk. A sanitation inspector found some
milk in the kitchen of the said restaurant and the defendant
said to him, and also testified at the trial, that he kept that milk
for his son and also for sale in the restaurant. The milk
proved to be adulterated by the addition of 13 per cent of
water.

One of the grounds of the appeal taken by the de-

fendant is that there is a variance between the information and the evidence, but it can not be sustained, because the defendant admitted at the trial that he had the milk for sale in his restaurant, and that is an act prohibited by law and charged in the information, albeit it was not shown that the defendant sold the milk or offered it for sale. Hence, in view of the evidence, it is not necessary to decide whether adulterated milk kept in a restaurant, wherein milk, or coffee with milk, is sold for human consumption, is presumed to be kept for sale to consumers. This case is very similar to the case of *People* v. *Blasco*, 33 P.R.R. 331, wherein the judgment convicting the owner of a restaurant of the offense of selling adulterated milk was affirmed.

■ The defendant is also wrong in contending that the judgment fails to specify the offense of which he was convicted, for although it is true that after trial he was found guilty by the trial judge, who did not specify the offense of which he was found guilty, it is stated in the judgment entered in the trial court that he was convicted of the offense of adulterating milk.

It is true that that is very general, but the judgment may be corrected on appeal so as to make it more specific, to read that the defendant was found guilty of the offense of keeping adulterated milk for sale. *People* v. *Alvarez*, 21 P.R.R. 80; *People* v. *Trinidad*, 24 P.R.R. 826; *People* v. *Bauzá*, 34 P.R. R. 440.

It is further alleged that as Act No. 77 of August, 1925, was in force in November of that year, the defendant should not have been sentenced to imprisonment for failure to pay the fine imposed on him.

That Act prohibiting the adulteration of milk provides that every person convicted of its violation shall, upon conviction, be punished for the first offense by a fine of not less than 25 nor more than 100 dollars, and that subsequent offenses shall entail confinement in jail for a term of from

six months to one year, a fine of $500, and the revocation of the license. It further provides that every person to whom a license is granted for the sale and distribution of milk shall be required to furnish a bond in the amount of not less than 100 nor more than 200 dollars, and that this bond, as far as it will go, or such part thereof as may be necessary, shall be applied to the payment of such fine as the court may impose on a person convicted under the Act.

Since the record in the case does not show either that the defendant had been licensed for the sale of milk or had furnished the bond referred to in the Act, it was not error to sentence him to imprisonment for failure to pay the fine.

The judgment appealed from should be so modified and affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.